**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MANSA MUSA MASSI, | : | |
| | | Civil Action No. 10-4060 (RMB) |
| Petitioner, | : | |
| v. | : | **MEMORANDUM OPINION** |
| DONNA ZICKEFOOSE, | : | |
| Respondents. | : | |

IT APPEARING THAT:

1. On or about August 9, 2010, Mansa Musa Massi, an inmate confined at Federal Correctional Institution at Fort Dix, New Jersey at the time of filing, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 claiming that respondents are violating the Second Chance Act, see 18 U.S.C. § 3624(c), by refusing to recommend one year eligibility for petitioner in a residential reentry center ("RRC").

2. Petitioner is serving a 130-month term of imprisonment for Bank Robbery, in violation of 18 U.S.C. § 2113 (A)(F).

3. In the Petition, Petitioner references a sentence computation form dated June 6, 2008, which listed his pre-release preparation date to be October 17, 2011 and his projected release date as April 17, 2012, designating six months in an RRC. He also references an updated sentence computation form listing his home detention eligibility date at October 6, 2011 and his projected release date as April 6, 2012.

4.   Based on the above-referenced forms, Petitioner filed an administrative remedy form requesting a Sentencing Monitoring Computation Data form that would reflect year placement in an RRC instead of six months.

5.   The Petition did not include any information regarding any final determination by the Bureau of Prisons ("BOP") with respect to Petitioner's prerelease custody placement in an RRC pursuant to the Second Chance Act.

6.   Petitioner seeks entry of an order that would grant one year placement in an RRC.

7.   The BOP had not yet rendered its determination at the time that the instant Petition was executed.  In fact, the actual decision by the BOP regarding Petitioner's RRC placement was not made until November 29, 2010, over three months after this Petition was filed.

8.   The BOP decides an inmate's RRC placement date when there are 17 to 19 months remaining on the sentence.  See Stanko v. Obama, 393 Fed. App'x 849, 851 (3d Cir. 2010).  Petitioner filed this Petition approximately 20 months before his projected release date, and one to three months prior to the date on which the BOP would normally determine Petitioner's appropriate prerelease placement date.

9.   To have standing to bring a claim, a plaintiff must

demonstrate a concrete and particularized, actual or imminent, injury in fact, <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992), and "cannot rest his claim on the rights or interests of third parties" or merely assert a harm that is a generalized grievance "shared in substantially equal measure by all or a large class of citizens," <u>Warth v. Seldin</u>, 422 U.S. 490, 499 (1975).

10.  Because no RRC placement decision had been made with respect to Petitioner at the time that Petitioner filed this matter, and because Petitioner filed the Petition one to three months prior to the time such placement decision is properly made, Petitioner lacked standing to bring the claim asserted in the Petition.  <u>See</u> <u>Stanko</u>, 393 Fed. App'x at 851 (holding that federal inmate lacked standing to challenge application of the Second Chance Act to him where, at the time he filed the petition, no placement decision had been made and application of the Act was speculative).

11.  This Court will dismiss the Petition for lack of standing. An appropriate Order accompanies this Opinion.

                                        s/Renée Marie Bumb
                                        Renée Marie Bumb
                                        United States District Judge


Dated: November 30, 2011